**William Wentworth FOSTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38237.**

Missouri Court of Appeals,
St. Louis District,
Division One.

July 19, 1977.

Huck, Kasten & LaBeaume, Graham W. LaBeaume, St. Louis, for appellant.

John D. Ashcroft, Preston Dean, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

SMITH, Judge.

Petitioner appeals from the order of the circuit court denying his motion to vacate sentence under Rule 27.26. Petitioner was tried and convicted of rape and was sentenced to 20 years imprisonment by the trial court pursuant to the Second Offender Act, Sec. 556.280 RSMo 1969. This conviction was affirmed on appeal. *State v. Foster,* 501 S.W.2d 33 (Mo.1973).

Petitioner's sole attack is that the information inadequately charged facts bringing him under the provisions of Sec. 556.280. That information charged:

"That William Wintworth (sic) Foster in the City of St. Louis, State of Missouri on the 9th day of April 1970, in the Circuit Court was duly convicted of the offense

of Carrying Concealed Weapon, and in accordance with said conviction was duly sentenced by said Court to an imprisonment in the Workhouse of the City of St. Louis, for a term of ninety days, and that the said William Wintworth (sic) Foster was given Jail time from the 5th day of November, 1969."

It is petitioner's contention that the information fails to allege that after sentencing he was "subsequently placed on probation, paroled, fined or imprisoned therefor . . . ."

Since petitioner's attack is directed solely at the information we need not consider whether the evidence adduced at trial was sufficient to bring petitioner within the provisions of the Second Offender Act. In fact, it was, and that evidence indisputably established that petitioner was confined in the Workhouse until April 27, 1970, and that the allegations of the information were incorrect as to the period of jail time allowed.

■ Petitioner did not raise his present attack either in his original trial or on direct appeal. We review the contention advanced upon the basis that collateral attack can be made only if the information is so obviously defective that by no reasonable construction can it be said to charge the offense for which petitioner was convicted. *DeLuca v. State,* 465 S.W.2d 609 (Mo.1971); *Turnbough v. State,* 533 S.W.2d 609 (Mo. App.1975); *Montgomery v. State,* 529 S.W.2d 8 (Mo.App.1975).

■ In *State v. Ellifrits,* 459 S.W.2d 293 (Mo. banc 1970) [1] the Supreme Court held that any allegation which necessarily infers that defendant was imprisoned is sufficient for purposes of the information. It is further apparent from the statute that the operative facts which trigger the statute are conviction, sentence and punishment. Petitioner here was clearly convicted and sentenced. The information also indicates he was punished. The allowance for jail time served as a credit against his sentence. In contemplation of law, that jail time is considered as imprisonment subse-

quent to sentencing. The confinement of a defendant prior to trial is custodial in nature. It is not, under the law, a punishment until he is convicted and sentenced. When that confinement is allowed as a credit against the sentence imposed, it is converted into imprisonment pursuant to the sentence and is treated as if the defendant had served it pursuant to and subsequent to the sentence imposed. Here the information specifically advised the defendant and the court that the imprisonment relied upon to trigger the Second Offender Act was jail time credited against and (as erroneously alleged) completely offsetting the sentence imposed. Under *State v. Ellifrits, supra,* and the provisions of Sec. 556.-280 the allegations were sufficient to invoke the Second Offender Act.

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.