**Earsel Larry JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40110.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 16, 1979.

Gary H. Sokolik, Perry, for appellant.

John D. Ashcroft, Atty. Gen., Brenda Farr Engel, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant Earsel Larry Johnson was convicted of burglary in the second degree and stealing. He was sentenced to ten years imprisonment for the burglary and five years for the stealing, the sentences to run consecutively. Approximately one year after the convictions, the judgment was vacated, and the trial court accepted a plea of guilty on both charges. Movant was sentenced to serve a term of five years on each charge, the sentences to run concurrently. He subsequently filed a Rule 27.26 motion and claimed that the amended information upon which he pleaded guilty was fatally defective. Further, he alleged that his plea was coerced, equivocal, subjected him to double jeopardy and was accepted without a showing that the movant understood the nature of the charges against him. Movant now appeals from the trial court's denial of his motion without a hearing and the court's refusal to appoint counsel pursuant to section (h) of Rule 27.26. We affirm the trial court's denial of the motion.

Movant's substantive and procedural complaints emanate from two sources: (1) allegations of fact intended to prove that the guilty plea was involuntary, and (2) a question of law regarding the validity of the information. Rule 27.26 was recently construed by our Supreme Court to require the appointment of counsel whenever an indigent files a pro se motion under it. *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978). The rule in *Fields* is prospective, however, and will not apply to movant's request for relief filed in 1977. *Johnson v. State*, 574 S.W.2d 957 (Mo.App.1978). Therefore, we must review the motion in light of the earlier precedents. The relevant determinations with regard to the allegedly defective guilty plea are outlined in *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), and its progeny:

A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing. Id. at 411.

*Accord: Rice v. State*, No. 39,300 (Mo. App.E.Dist., Oct. 24, 1978); *Breeland v. State*, 568 S.W.2d 564 (Mo.App.1978). Where the movant is not entitled to relief by reason of the allegations in the motion, the court is not required to hold an evidentiary hearing or to appoint counsel. *Loflin v. State*, 492 S.W.2d 770 (Mo. banc 1973). *Accord, Winston v. State*, 533 S.W.2d 709 (Mo.App.1976).

The record discloses that the movant, no stranger to criminal process, sought the best bargain for his waiver of a right to trial. Relying on the mistaken belief that an appeal of the original conviction on the basis of a defective information would lead to an acquittal rather than a retrial, he was at first reluctant to plead guilty to an amended charge. Following an extensive explanation of options by both the prosecutor and the defense attorney, movant continued to equivocate. As was his prerogative under Rule 25.04, the trial judge became reticent about accepting movant's plea. After a review of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), however, and the extremely incriminating circumstantial evidence which led to the initial burglary conviction,[1] the judge agreed to accommodate the movant if he decided to subscribe to the plea agreement whereby the conviction with its ten and five year consecutive sentences was set aside in exchange for two concurrent five year terms with jail time credit. When he ultimately agreed to accept the bargain, movant was examined thoroughly by the court to ascertain voluntariness. The trial court exhibited admirable patience in allowing full discussion between the movant, his counsel and the prosecutor regarding the consequences of movant's plea. There was not the slightest hint or suggestion of coercion. The trial court was constant in its willingness to be guided by movant's desires—either to accept or reject the plea—and the record conclusively substantiates movant's knowing and voluntary plea of guilt. The record refutes movant's contention that he was in any way coerced into pleading guilty by a threat of the reinstatement of the original fifteen year sentences. As was recently noted by the Supreme Court, " . . . confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, [yet] the imposition of these difficult choices [is] an inevitable'—and permissible —'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' " *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, 611 (1978), quoting *Chaffin v. Stynchcombe,* 412 U.S. 17, 31, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973).

Equally without merit is the movant's claim that he had no viable alternative and, hence, was forced to plead guilty. Prior to acceptance of the bargain, movant's counsel withdrew his direct appeal and the original judgment was vacated. Despite reassurance that his appeal could be reinstated, movant argues that he was concerned about the procedural validity of such an action; parties may not confer appellate jurisdiction by consent. *See,* e. g., *Corder v. Corder,* 546 S.W.2d 798 (Mo.App.1977). Consequently, he concludes, the plea was involuntary because he believed that the alternative, a direct appeal, was no longer realistically available.

Whether movant believed that an attempt to reinstate his appeal would be hampered by the rules of appellate procedure is not determinative of the issue of voluntariness. Rather, we must review the record and decide whether the movant's beliefs were reasonable. *Dennis v. State,* 559 S.W.2d 84 (Mo.App.1977). Given the innumerable assurances by both court and counsel that the appeal could be reinstated, we find nothing in the record to support movant's fear that it could not. In his brief, movant notes that his attorney on direct appeal had not filed a timely brief on his behalf. Relying on this fact, movant argues that even if the appeal could be reinstated, he was effectively foreclosed by virtue of the time strictures of Rule 84.05. Case law demonstrates, however, that a procedure exists to vacate the sentence previously imposed and to resentence the movant. Thus, an appeal would be permitted

---

1. The prosecutor reviewed the eyewitness testimony that movant and another person loaded two stoves on to a truck parked outside of the victim's residence. The owner of the property had testified that the stoves were inside the house in their normal location before the incident and that she did not give the movant consent to remove her belongings. As well, there was evidence of forced entry and movant's speeding away from the burglarized premises with the stolen items. Though no one actually saw movant enter the residence, the case against him was substantial. Movant did not deny the foregoing evidence against him.

from the date of the new sentence. *Wilson v. State,* 561 S.W.2d 749 (Mo.App.1978). Consequently, no error was committed when the court held that neither an evidentiary hearing nor appointment of counsel was required under Rule 27.26.

Different considerations enter into our review of movant's issue of law: the allegedly defective information.

 Clearly, the *Smith* test, which premises the need for an evidentiary hearing on the movant's ability to plead ·facts which would entitle him to relief, does not apply where the 27.26 motion presents a question of law. Further, authorities which cite the *Smith* case for the proposition that an indigent movant is entitled to the appointment of an attorney only when an evidentiary hearing is required must be read in their proper context. ˙ *See, e. g., Winston v. State, supra.* The appointment of an attorney, provided for in 27.26(h) to include situations when the movant presents a question of law, cannot depend on whether an evidentiary hearing is granted. There is no need for an evidentiary hearing when no factual issues are involved. Therefore, it would be error to fail to appoint counsel when a movant raises a question of law. Yet, we do not believe that any procedural error by failure to appoint counsel under the circumstances here is ground for reversal. Whatever the role for an attorney was envisioned to be by 27.-26(h), the failure of the appointment in this case could not have prejudiced the movant. We have the allegedly defective information before us in the record, and it is as a matter of law simply not defective.

The amended information cited § 560.070 RSMo (1969) and charged that the movant was guilty of breaking and entering " . . . an unoccupied residence owned by Mrs. A. J. Baker in Macon County, Missouri, in which residence there was then and there goods and other things kept and deposited . . ." The movant claims that the phrase "unoccupied residence" could mean "dwelling house," an element of the burglary in the second degree offense described in § 560.045 RSMo (1969). Yet the " . . . goods and other valuable things

. . ." language corresponds with the statutory description of second degree burglary in § 560.070.

 We must agree with the lower court's conclusion that the amended information contains every element of the offense of burglary in the second degree as required by § 560.070 RSMo (1969). We review the information with the understanding that reversal on collateral attack is required only when the charge is so obviously defective that by no reasonable construction can it be said to allege the offense for which the movant was convicted. *Foster v. State,* 554 S.W.2d 544 (Mo.App.1977). " . . . [P]oor draftsmanship will not render an information fatally defective so long as it states the essential facts of the offense and adequately notifies defendant of the charge against him." *State v. Eaton,* 568 S.W.2d 541 (Mo.App.1978). Of particular significance is the Supreme Court's recognition that § 560.070 and § 560.045 are not mutually exclusive; even if the "unoccupied residence" was a "dwelling house" within the meaning of § 560.045, a conviction could be supported under § 560.070. *State v. Lenzing,* 551 S.W.2d 846 (Mo.1977). Therefore, the judgment of the trial court is affirmed.

WEIER, C. J., and CLEMENS, J., concur.