Odell BLACKMON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 43459.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 13, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

Joseph W. Downey, Public Defender, Leslie D. Edwards, Asst. Public Defender, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kristie Green, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

This is an appeal from a partial denial of a Rule 27.26 motion. We affirm.

Movant, Odell Blackmon, was convicted by a jury of first degree murder (felony murder), robbery, assault with intent to kill with malice, and armed criminal action. The court sentenced him to consecutive terms of life imprisonment, twenty years, thirty-five years and five years. The conviction was affirmed on appeal. *State v. Blackmon,* 587 S.W.2d 292 (Mo.App.1979). Movant filed an amended Rule 27.26 motion and waived his right to an evidentiary hearing. The trial court vacated the robbery and armed criminal action convictions and denied the motion in all other respects.

Movant contends on this appeal that the trial court erred in not vacating the first degree murder (felony murder) conviction because the indictment for that charge[1] failed to allege sufficient facts on the cause of death. Movant argues that the indictment is insufficient because it failed to state how the death of the victim occurred. He further argues that the indictment was insufficient because it failed to delineate whether the victim was shot by movant or by Officer Day.

Movant did not raise this contention at trial or on direct appeal. However,

---

1. The count of the indictment charging first degree murder (felony murder) is as follows:

    "That ODELL BLACKMON also known as ODELL BLACKMAN, at the City of St. Louis aforesaid, on the 17th day of February, 1977, unlawfully, feloniously, and of his malice aforethought, and during the perpetration of a robbery did cause the death of WILLIE CORDELL; contrary to Section 559.007, 559.009, Revised Statute of Missouri...."

the sufficiency of an indictment is jurisdictional and thus may be raised for the first time in a Rule 27.26 proceeding. *Henderson v. State,* 546 S.W.2d 546, 547 (Mo.App. 1977). We review the indictment with the understanding that a collateral attack can be made in this proceeding only if the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which movant was convicted. *Johnson v. State,* 579 S.W.2d 132, 136 (Mo.App.1979); *Foster v. State,* 554 S.W.2d 544, 545 (Mo.App.1977).

In the original trial the evidence disclosed that the movant and Willie Cordell (victim in the murder conviction) jointly robbed a finance company in St. Louis. During the course of the robbery Cordell, who was unarmed began to wrestle with an off duty policeman, Chris Day. During this wrestling, the movant fired several shots toward Day and Cordell wounding the off duty policeman who, in turn, fired two shots at movant. Movant and Cordell escaped. Cordell was apprehended and was found to have been shot and died shortly thereafter. On direct appeal, this court concluded that based on the evidence, the jury could have found that movant shot Cordell at the time he was wrestling with the police officer.

On the direct appeal, movant attacked the verdict director in the murder case. It required the jury to find that "defendant caused the death of Willie Cordell by shooting him" during the course of the robbery. Movant contended the emphasized portion of the instruction was unsupported by the evidence and it was therefore error to give this verdict directing instruction.

Judge Smith in the direct appeal opinion (*State v. Blackmon, supra*) pointed out that our Supreme Court in *State v. Moore,* 580 S.W.2d 747 (Mo. banc 1979) held that where a person is killed during the course of a felony, the felony murder rule is applicable whether the fatal shot is delivered by the defendant, a co-participant, a victim or a bystander, unless there has been an independent intervening act. In *Blackmon,* 587 S.W.2d at 293, the court further stated: "In

view of *State v. Moore* the phrase 'by shooting him' introduced into the instruction an additional element unnecessary to establish the guilt of defendant. Under *Moore,* it is immaterial whether Cordell was shot by defendant or by Day as long as he was killed in the course of the robbery under foreseeable circumstances." *See also State v. Baker,* 607 S.W.2d 153, 156–157 (Mo. banc 1980).

The above holding in the direct appeal disposes of movant's point. It was immaterial whether the victim was shot by movant or by Day and the language "by shooting him" was unnecessary to the verdict director. It was accordingly unnecessary to the indictment.

The indictment was framed in the language of § 559.007 RSMo Supp.1975 and alleged sufficient facts to charge movant with first degree murder. *State v. Strickland,* 609 S.W.2d 392, 395 (Mo. banc 1980). The trial court's denial of movant's allegation was not clearly erroneous.

Affirmed.

GUNN, C. J., and SIMON, J., concur.