**Billy J. WILSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53962.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Shawn R. McCarver, Flat River, for appellant.

William L. Webster, Atty. Gen., Deborah Lee Ground, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals the denial of his 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to and was convicted of one count of passing a bad check in violation of § 570.120, RSMo 1986, and was sentenced to five years' imprisonment. Movant's 27.26 motion and the amendments thereto were dismissed without an evidentiary hearing.

In his first point on appeal movant alleges the information was defective in failing to list essential elements of the offense in violation of Rule 23.01(b). In particular, movant asserts the information was required to allege: (1) the passing of the check was in exchange for money; (2) movant knew the check would not be paid; and (3) payee is a person or entity capable of being the victim of a crime.

■ Movant is correct in his assertion that the sufficiency of an information or indictment is jurisdictional and may be raised collaterally; however, this recourse is available only when the information "is so obviously defective that by no reasonable construction can it be said to charge the offense for which movant was convicted." *Blackmon v. State*, 639 S.W.2d 127, 128 [1, 2] (Mo.App.1982).

The information movant complains of was patterned from MACH–CR 24.30.1. On January 1, 1979, MACH–CR 24.30.1 was approved by the Missouri Supreme Court as a pattern information for the offense of passing a bad check as defined by § 570.120, RSMo 1986. *State v. McMikle*, 673 S.W.2d 791, 796 [7] (Mo.App.1984). An information which is substantially consistent with a patterned charge approved by the Supreme Court is deemed to comply with Rule 23.01(b). *State v. Reese*, 687 S.W.2d 635, 637 [2] (Mo.App.1985). Thus, movant's first point must fail.

In Point II, movant asserts he was denied effective assistance of counsel because his trial attorney: (1) failed to investigate the defense of mental disease or defect and failed to seek a psychiatric examination of movant; (2) failed to inform movant of the purpose and effect of the ten-day notice provision contained in § 570.120.3; (3) failed to seek dismissal of the case against movant at the preliminary hearing stage because of the State's failure to show ten days' notice was given to movant prior to charges being filed; and (4) failed to object to the absence of the prosecuting attorney at movant's guilty plea and sentencing. We will discuss each of movant's charges in turn.

After a plea of guilty, allegations of ineffective assistance of counsel warrant an evidentiary hearing only if they state facts not refuted by the record which indicate the plea was not knowing and voluntary. *Williams v. State*, 718 S.W.2d 542, 543 [2] (Mo.App.1986).

Movant's allegations regarding his counsel's failure to investigate the defense of mental disease or defect and failure to seek a psychiatric examination are totally conclusionary and devoid of facts in support thereof. Movant does not allege he requested a mental examination or exhibited any sign of mental disease. Movant testified at the guilty plea hearing that he was intoxicated when he committed the crime; however, alcoholism, without psychosis, does not qualify as a mental disease or defect. Section 552.010, RSMo 1986; *State v. Ingram*, 607 S.W.2d 438, 441 [3] (Mo.1980).

"In the absence of some warning sign or suggestion of mental aberration, there is no duty on counsel to initiate an investigation of the mental condition of an accused." *Ashabranner v. State*, 646 S.W.2d 147, 149 [3] (Mo.App.1983) (quoting *Jones v. State*, 564 S.W.2d 933, 935 (Mo.App.1978)).

Movant's allegation regarding his counsel's failure to inform him of the purpose and effect of the ten-day notice provision of § 570.120.3 must, likewise, fail. Ten days' notice is not an essential element of the offense. If a check is not paid within ten days after notice that it has been dishonored, § 570.120.3 allows a presumption of fraudulent intent and knowledge the check would not be paid. § 570.120.3, RSMo 1986; *see State v. Kaufman*, 308 S.W.2d 333, 338 [7] (Mo.App.1957). The State was free to prove fraudulent intent and knowledge by movant that the check would not be paid without availing itself of § 570.120.3. Because of the inconclusive effect of the notice provision, there is no reasonable probability that movant would not have pleaded guilty and would have insisted on going to trial if he had been aware of § 570.120.3. Therefore, this allegation fails to satisfy the prejudice requirement necessary for a successful claim of ineffective assistance of counsel. *See Simons v. State*, 719 S.W.2d 479, 480 (Mo.App.1986) (to satisfy prejudice requirement, movant must show but for counsel's error he would not have pleaded guilty).

The failure of movant's counsel to request dismissal of the charges at the preliminary hearing on the ground the State failed to prove ten days' notice was given did not amount to ineffective assistance of counsel. As stated previously, ten days' notice is not an essential element of the case against movant, § 570.120, RSMo 1986, thus failure to prove the same would not warrant dismissal. Trial counsel cannot be deemed ineffective for failing to raise a non-meritorious claim. *Gilmore v. State*, 731 S.W.2d 369, 371 (Mo.App.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987).

For the same reason, movant's counsel cannot be deemed ineffective for

failing to object to the absence of the prosecuting attorney at movant's guilty plea and sentencing hearing. The guilty plea transcript clearly shows the State was represented by the assistant prosecutor for St. Francois County, the county where the plea hearing was held pursuant to a change of venue. Although the charge against movant originated in Washington County, the trial judge acted within his power when he appointed the assistant prosecutor for St. Francois County to act in the absence of the prosecutor for Washington County. § 56.120, RSMo 1986 (if prosecutor is absent, court shall appoint some other person to discharge his duties). Moreover, movant has not demonstrated, nor does the record reflect, any prejudice suffered because of this substitution.

In Point III, movant asserts his plea was not knowing, intelligent and voluntary because he suffered from alcoholism, a nervous condition, and was on medication at the time of the plea. He further asserts the plea was involuntary because he was not advised by counsel of essential elements of the offense for which he was charged.

 Movant testified during his plea hearing that it had been ten or eleven months since he drank any alcoholic beverage. He further stated the only medication he was taking was prescribed for his nerves, and he was taking the dosage as prescribed. When questioned further, movant stated he was clear-headed and fully understood what was going on.

Ingestion of drugs does not in and of itself make one incapable of pleading guilty. *Capraro v. State*, 715 S.W.2d 11, 12 [2] (Mo.App.1986); *Moore v. State*, 624 S.W.2d 520, 522 [1] (Mo.App.1981). The record reflects movant's guilty plea was not rendered involuntary by the alcoholism, medication and nervous condition of which he complains.

Movant's allegation that he was not advised of all the elements of the crime for which he was charged is also refuted by the record. At the guilty plea hearing, movant was advised of the elements of the crime of passing a bad check and confessed to the same.

Point IV of movant's appeal was waived by movant prior to our consideration and is not before us at this time. In Point V, movant alleges he was denied due process because the prosecutor was not present during his guilty plea and sentencing proceeding. As stated earlier, the State was properly represented by an assistant prosecutor and defendant was not prejudiced thereby.

Finally movant contends the plea agreement reached was violated by the State. This contention is clearly refuted by the record. The record reflects the plea agreement was disclosed and was adhered to. Movant admitted no other promises or agreements were made to him, and then expressed his desire to plead guilty to the charge.

For all of the above reasons, we find the trial court's dismissal of movant's motion without an evidentiary hearing was not clearly erroneous.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.