**STATE of Missouri, Respondent,**

v.

**Steven Ray BICKINGS, Appellant.**

**No. 19981.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 16, 1995.

---

Phillip J. Barkett, Jr., Sikeston, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

Appellant Steven Ray Bickings was charged with disturbing the peace, § 574.010.1(b);[1] third degree assault, § 565.070; unlawful use of a weapon, § 571.030.1; and resisting arrest, § 575.150. The assault charge was dropped before trial. A jury acquitted Appellant on the charge of unlawful use of a weapon, but found him guilty of disturbing the peace and resisting arrest. The trial court sentenced Appellant to concurrent terms of ten days' imprisonment and thirty days' imprisonment, respectively. Appellant appeals his convictions.

The evidence most favorable to Appellant's convictions is as follows: On January 29, 1994, Appellant's wife, Patty Jo Bickings, called the Scott County Sheriff's Department complaining that her husband had assaulted her. Chief Stevens of the Oran Police Department and Deputy Shoemaker of the Scott County Sheriff's Department responded to the call and went to the Bickings' residence.

When the officers arrived, Appellant was sitting on the front porch of the house. He said to Chief Stevens, "I'm not going to jail. You'll just have to shoot me" or "kill me." Deputy Shoemaker went inside the house where Mrs. Bickings told him she and Appellant were separated and Appellant had come uninvited to the house. She said Appellant had been arguing with her and had assaulted her by shoving her up against a wall and holding her there with his forearm. Mrs. Bickings was crying, her clothes were in disarray, and she had a red mark across her neck. She asked the deputy to arrest Appellant.

1. References to statutes are to RSMo 1994.

The deputy went outside and told Appellant he was under arrest for assault. Appellant raised his right arm and told the officers he was not going to jail and they would have to kill him. Then Chief Stevens noticed Appellant had a pistol in his back pocket. The officers grabbed Appellant by his arms and told him he was under arrest for unlawful use of a weapon. Appellant struggled with the officers, shoved them, and wrapped his legs around them as they tried to get the pistol out of his pocket. After Deputy Shoemaker pulled the weapon from Appellant's pocket, he continued to struggle with the officers.

Finally, Appellant told the officers he would stop fighting and allowed them to handcuff him. Chief Stevens sustained an injury to a finger. Appellant sustained an injury to an elbow. The officers discovered the pistol was loaded and Appellant had additional ammunition in his right front pants pocket.

At trial, Mrs. Bickings testified she and Appellant had argued and she had asked Appellant to leave. She testified Appellant did not disturb her peace and did not assault her. She said she and Appellant were reconciled and were living together.

■ Appellant first contends the State failed to make a submissible case of peace disturbance. We agree. Where the sufficiency of the evidence is challenged, this Court's review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found Appellant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). This Court accepts as true all evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *Id.*

Appellant was charged with violating § 574.010.1(b) which states, in pertinent part:

1. A person commits the crime of peace disturbance if:

(1) He unreasonably and knowingly disturbs or alarms another person or persons by:

. . . .

(b) Offensive language addressed in a face-to-face manner to a specific individual and uttered under circumstances which are likely to produce an immediate violent response from a reasonable recipient.

■ The State did not submit any evidence to show that Appellant committed any of the conduct proscribed by the above section. Mrs. Bickings testified Appellant did not disturb her peace, did not assault her, and that she had only wanted Appellant to leave. She further testified she and Appellant argued and yelled at each other. She did not testify about what words Appellant used. The record does not reveal elsewhere what type of language Appellant used. Nowhere does the record reveal any evidence to indicate that Appellant used offensive language that was likely to produce an immediate violent response from Mrs. Bickings. The record is void of any evidence to lead a reasonable juror to find Appellant guilty beyond a reasonable doubt of peace disturbance. Appellant's conviction of peace disturbance is reversed.

Appellant's second point is that the State failed to make a submissible case of resisting arrest. Appellant contends he "did not resist arrest by using or threatening to use violence and physical force, and, at most, [he] merely refused to accompany the officers in making their arrest and force was then used upon [him]." In the alternative, Appellant contends the charge of resisting arrest should have been a misdemeanor and not a felony because Appellant was resisting arrest to the underlying misdemeanor offense of third degree assault. Appellant's argument is unpersuasive.

Section 575.150 states, in pertinent part:

1. A person commits the crime of resisting or interfering with arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:

(1) Resists the arrest of himself by using or threatening the use of violence or physical force or by fleeing from such officer; or

. . . .

4. Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with arrest is a class A misdemeanor.

 Appellant claims there is no evidence that he resisted arrest by using or threatening to use physical force. The record reveals otherwise. Appellant knew he was under arrest because Deputy Shoemaker advised him he was under arrest for assault. Appellant told the officers he was not going to jail and they would have to kill him instead. Then Chief Stevens noticed the pistol in Appellant's pocket and told Deputy Shoemaker. The deputy then informed Appellant he was under arrest for unlawful use of a weapon. Appellant used physical force in an attempt to prevent his arrest by struggling with the officers, shoving them, locking his arms, and wrapping his legs around them. The evidence is sufficient to meet the statutory requirements of resisting arrest. *See State v. Feagan,* 835 S.W.2d 448 (Mo.App.1992), and *State v. Reynolds,* 723 S.W.2d 400 (Mo.App. 1986).

In the alternative, Appellant argues the charge of resisting arrest should have been a misdemeanor because he was arrested for the misdemeanor offense of third degree assault. If Appellant had only been arrested for a misdemeanor, he would be correct. Under § 575.150, the crime of resisting arrest is either a felony or a misdemeanor. *State v. Furne,* 642 S.W.2d 614, 616 (Mo. banc 1982).

> Except when the resistance is by flight, the degree of that offense is linked to the degree of the underlying offense for which the arrest is made.... The statutory language makes it plain that resisting arrest is a felony offense only if the underlying offense is a felony and the resistance is accomplished by means other than flight.

*Id.* Clearly, Appellant was arrested for the felony of unlawful use of a weapon after a pistol was observed in his pocket. Appellant's argument ignores the fact that his use of physical force continued after he was informed that he was under a felony arrest.

Deputy Shoemaker testified that after he informed Appellant of his arrest for unlawful use of a weapon, he continued to resist arrest by repeatedly jerking his arm away from the officers, locking his arms, and wrapping his legs around the deputy to prevent the officers from handcuffing him. Chief Stevens also testified that after Appellant was informed he was under arrest for unlawful use of a weapon, he continued to struggle with the officers. Therefore, his conviction for felony resisting arrest was proper because the underlying offense for which he was last arrested amounted to a felony. Appellant's second point is denied.

The judgment and sentence on Appellant's conviction for resisting arrest is affirmed. The judgment and sentence on his conviction for peace disturbance is reversed. Nothing in the record indicates that the State has any additional evidence available and the State requests no remand if the evidence is found insufficient. Therefore, Appellant is ordered discharged on the peace disturbance charge. Rule 30.22; *see State v. Thoe,* 565 S.W.2d 818, 823 (Mo.App.1978).

FLANIGAN and GARRISON, JJ., concur.

