

# Missouri Court of Appeals
## Southern District

### Division One

STATE OF MISSOURI,                    )
                                      )
    Plaintiff-Respondent,         )
                                      )
v.                                    )    No. SD33476
                                      )    Filed: 8-20-15
DENNIS LYNN WILLIAMS,                 )
                                      )
    Defendant-Appellant.          )

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable John C. Porter, Associate Circuit Judge

### **REVERSED**

Following a bench trial, Dennis Williams (Defendant) was found guilty of passing a bad check and sentenced to serve 60 days in jail. *See* § 570.120.[1] Defendant presents two points for decision. In Point I, Defendant contends the evidence was insufficient to prove that he received actual notice in writing that his check had not been paid. In Point II, Defendant contends the evidence was insufficient to prove that he passed the check knowing his account did not have sufficient funds. Defendant's first point has merit and is dispositive. The judgment is reversed, and Defendant is ordered discharged.

---

[1] All references to statutes are to RSMo Cum. Supp. (2012) unless otherwise specified. All references to rules are to Missouri Court Rules (2015).

**Factual and Procedural Background**

In relevant part, the State's misdemeanor information charged Defendant with violating § 570.120 because he:

> passed a check in the amount of $50.00, drawn upon [Liberty Bank], payable at [Hannah's], knowing that there were insufficient funds in or on deposit in his account, and the defendant failed to pay the check *within ten days after receiving actual notice in writing* that it had not been paid because of insufficient funds in or on deposit with Liberty Bank.

(Italics added.)[2] This allegation charged a violation of § 570.120.1(2).

At trial, the State's first witness was Melisa Twedell. She was the Hannah's clerk who took check number 3033 in the amount of $50 from Defendant. That check was later returned unpaid due to insufficient funds. The only other witness was Sunshine Wolfe, the Polk County bad check administrator and misdemeanor clerk. Wolfe testified that she received a bad check referral concerning Defendant and sent a standard ten-day letter to the address listed on the returned check by regular mail. This form letter informs the recipient about: (1) any checks that have been submitted; (2) the check numbers; (3) the victim's name; (4) the dollar amounts; (5) a grand total of all monies owed; and (6) the ten-day time period to pay before criminal charges could be filed. The form letter envelope is "stamped for return address if it's not deliverable." The letter mailed to Defendant was not returned to Wolfe. Check number 3033 and a copy of the ten-day notice letter were admitted in evidence as Exhibits 1 and 2.

After the presentation of evidence concluded, the court had a discussion with counsel about the proof requirements in § 570.120.1(2) concerning notice to Defendant. The court made an oral finding that: (1) the information in the ten-day letter was not

---

[2] The four-count information charged Defendant with passing four bad checks. At trial, the State proceeded on Count II and dismissed Counts I, III and IV.

2

included in the summons or warrant served on Defendant; and (2) there was no evidence Defendant willfully avoided notice. The court also made an oral finding that "there's insufficient evidence to believe or to establish that [Defendant] actually received notice in written form through the post office." As the court explained:

> So without proof that Mr. Williams actually received it – I mean, I understand the prosecutor's office mailed it. I understand it didn't come back. But it could have also gone to somebody else's mailbox or something like that. Who knows? But the Court finds that that goes towards the weight of the evidence presented against Mr. Williams. It's not the sufficiency of the evidence.

The court found Defendant guilty and imposed a 60-day sentence. This appeal followed.

### Discussion and Decision

An appellate court's role in reviewing the sufficiency of the evidence to support a criminal conviction is limited to determining whether there was sufficient evidence from which a reasonable fact-finder could have found each element of the offense to have been established beyond a reasonable doubt. *State v. Long*, 417 S.W.3d 849, 855 (Mo. App. 2014). In Point I, Defendant contends the evidence was insufficient to support his conviction because the State failed to prove that Defendant received actual notice in writing that his check had not been paid due to insufficient funds.

Defendant was charged with violating subdivision 2 of § 570.120.1. The relevant portions of the statute are set out below.

> 1. A person commits the offense of passing a bad check when:
> …
> (2) The person makes, issues, or passes a check … knowing that there are insufficient funds in or on deposit with that account for the payment of such check … and fails to pay the check … within ten days after receiving actual notice in writing that it has not been paid because of insufficient funds or credit with the drawee or because there is no such drawee.
>
> 2. As used in subdivision (2) of subsection 1 of this section, **"actual notice in writing"** means notice of the nonpayment which is actually

3

received by the defendant. Such notice may include the service of summons or warrant upon the defendant for the initiation of the prosecution of the check or checks which are the subject matter of the prosecution if the summons or warrant contains information of the ten-day period during which the instrument may be paid and that payment of the instrument within such ten-day period will result in dismissal of the charges. The requirement of notice shall also be satisfied for written communications which are tendered to the defendant and which the defendant refuses to accept.

§ 570.120.1(2)-.2 (bold emphasis added).

By electing to charge Defendant with a violation of § 570.120.1(2), one of the elements that the State had the burden to prove was that Defendant failed to pay the check "within ten days after receiving actual notice in writing that it had not been paid because of insufficient funds or credit with the drawee …." *Id*. As stated in § 570.120.2, the phrase "actual notice in writing" is explicitly defined to mean "notice of nonpayment which is actually received by the defendant." *Id*. This subsection then lists two permissible, nonexclusive means by which actual notice may be proven.[3] The first is the inclusion of specific information about the ten-day time period in the summons or warrant served upon the defendant. *Id*. The second is a written communication tendered to and refused by the defendant. *Id*. The court found that the State failed to prove that Defendant actually received the ten-day letter. The court also found that the State did not prove Defendant received actual notice by either of the means set out in § 570.120.2.

---

[3] If this had been a jury trial, the element of actual notice would have been submitted in paragraph third of the verdict-directing instruction. *See* MAI-CR 3d 324.30.4. Note on Use 4 states: "The following term may be defined by the Court on its own motion and must be defined upon written request in proper form by the state or by the defendant: 'actual notice.' See MAI-CR 3d 333.00." The latter instruction contains a definition for "actual notice in writing" which directly tracks the language in § 570.120.2.

4

The trial court erred, however, by concluding that this failure of proof went to the weight, rather than the sufficiency, of the State's evidence.

The State concedes that it failed to prove Defendant received the ten-day notice letter, but it argues that "proof of notice is not an essential element of the crime of passing a bad check." To support that argument, the State relies upon *Wilson v. State*, 755 S.W.2d 324 (Mo. App. 1988) and *State v. Kaufman*, 308 S.W.2d 333 (Mo. App. 1957). Because both of those cases involved statutory language far different than the case at bar, the State's argument is unpersuasive.

Section 570.120 was initially enacted in 1977 and became effective on January 1, 1979. *See* § 570.120 RSMo (1986). In relevant part, that version of the statute stated:

> 1. A person commits the crime of passing a bad check when, with purpose to defraud, he issues or passes a check … knowing that it will not be paid by the drawee or that there is no such drawee.
> ....
> 3. If the issuer has an account with the drawee, failure to pay the check or order within ten days after notice in writing that it has not been honored because of insufficient funds or credit with the drawee is prima facie evidence of his purpose to defraud and of his knowledge that the check or order would not be paid.
>
> 4. Notice in writing means notice deposited as first class mail in the United States mail and addressed to the issuer at his address as it appears on the dishonored check or to his last known address.

§ 570.120.1, .3-.4 RSMo (1986). *Wilson*, which addressed this prior version of the statute, held that:

> Ten days' notice is not an essential element of the offense. If a check is not paid within ten days after notice that it has been dishonored, § 570.120.3 allows a presumption of fraudulent intent and knowledge the check would not be paid. § 570.120.3, RSMo 1986; *see State v. Kaufman,* 308 S.W.2d 333, 338 (Mo. App. 1957). The State was free to prove fraudulent intent and knowledge by movant that the check would not be paid without availing itself of § 570.120.3.

*Wilson*, 755 S.W.2d at 326.

5

***Kaufman*** dealt with even earlier versions the insufficient fund check statutes set out in § 561.460 and § 561.470. ***Kaufman***, 308 S.W.2d at 338-39. The latter statute stated that:

> [T]he making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in or credit with, such bank or other depositary, provided such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with all costs and protest fees, within five days after receiving notice that such check, draft or order has not been paid by the drawee.

§ 561.470 RSMo (1949); ***Kaufman***, 308 S.W.2d at 338.

The 1992 revisions to § 570.120 substantially rewrote that statute. *See* 1992 Mo. Laws 1099-1100. The legislature repealed subsection 3 of the statute, which included the *prima facie* evidence language at issue in ***Wilson*** and ***Kaufman***. *Cf.* § 570.120 RSMo Cum. Supp. (1992) *with* § 570.120 RSMo Cum. Supp. (1991). The 1992 amendments to this statute added the "actual notice in writing" proof requirement, which has remained a part of § 570.120.1(2) since that time. The 1992 amendments likewise added § 570.120.2, which contained a new statutory definition of what constitutes actual notice in writing. This definition, which has remained in § 570.120.2 since that time, "means notice of the nonpayment which is actually received by the defendant." Because neither ***Wilson*** nor ***Kaufman*** involved the statutory language at issue here, these cases do not support the State's argument. Point I is granted.[4]

The judgment is reversed. Nothing in the record indicates that the State has any additional evidence available on the written notice issue, and the State did not request a

---

[4] Because our resolution of Defendant's first point is dispositive, we need not address the issue raised by Defendant in Point II. We express no opinion as to whether a § 570.123 civil action may be pursued.

remand in the event the evidence was found insufficient.  Therefore, Defendant is ordered

discharged.  *See* Rule 30.22; ***State v. Bickings***, 910 S.W.2d 370, 373 (Mo. App. 1995);

***State v. Thoe***, 565 S.W.2d 818, 823 (Mo. App. 1978).


JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – CONCUR

WILLIAM W. FRANCIS, JR., C.J./P.J. – CONCUR