

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD37563
) Filed: May 12, 2023
DANIEL A. BURPO, )
)
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF WAYNE COUNTY

Honorable Megan K. Seay, Circuit Judge

### REVERSED AND REMANDED WITH INSTRUCTIONS

Daniel Burpo (Defendant) appeals from his conviction of the class E felony of attempt to manufacture less than 35 grams of marijuana, a controlled substance, by growing it. *See* § 579.055.4.[1] Following a jury trial, Defendant was found guilty of this offense and sentenced to ten years in prison as a prior and persistent offender. On appeal, Defendant presents five points, but his first point is dispositive. Point 1 contends the evidence was insufficient to prove that Defendant attempted to manufacture marijuana because the State did not show that he had anything to do with growing marijuana plants. We agree. The

---

[1] All statutory references are to RSMo (2016) unless otherwise indicated. All rule references are to Missouri Court Rules (2023).

judgment is reversed, and the cause is remanded to the trial court with instructions to discharge Defendant.

*Factual and Procedural Background*

Defendant's point challenges the sufficiency of the evidence to support his conviction. On appeal, we view the evidence in the light most favorable to the verdict and grant the State all reasonable inferences that can be drawn from that evidence. *See **State v. Soliben***, 621 S.W.3d 585, 589-90 (Mo. App. 2021). Viewed from this perspective, the following evidence was adduced at trial.

On June 17, 2020, Chief Deputy John England (Deputy England) and Deputy Jesse Drum (Deputy Drum) of the Wayne County Sheriff's Office executed a search warrant at a mobile home located near County Road 372. The mailbox outside of the mobile home displayed the names of Defendant and LaWanda Ritter (Ritter). No one was home at the time of the search. The electricity was turned on, and there was food in the home. There was also clothing in the home belonging to a male, a female, and a child. The deputies found mail and other items, including prescription bottles, labeled with Ritter's name, but did not find any such items with Defendant's name on them.

Inside the mobile home, deputies found: (1) a large Ziploc bag containing marijuana; (2) items of drug paraphernalia, including pipes; (3) a syringe with liquid in it; (4) a small Ziploc bag with residue; (5) two spoons with residue; and (6) a pink metal pill container with residue. The residue on the spoons, syringe, small Ziploc bag, and the pink pill container all field-tested positive for methamphetamine.

Outside the mobile home, deputies identified marijuana plants located in several different patches. The patches were scattered all across the property and visible to someone walking through the yard. The first patch was found approximately 50 to 55 feet away from

the mobile home. All of the patches had different fences around the plants. A black cloth was placed at the foot of some of the plants to "help keep moisture [in] the soil."[2] The yard around the mobile home had recently been mowed, but the specific areas around the marijuana plants had not been mowed. Deputies found approximately 50 marijuana plants in the yard. The plants were seized, chopped up and placed into a brown evidence bag for storage at the sheriff's office. The actual weight of the marijuana, however, was not obtained prior to trial, and no evidence of weight was admitted in evidence.

In September 2020, Defendant was arrested and booked at the Wayne County Jail. When asked for his address by a corrections officer, Defendant provided the address of the mobile home near County Road 372. In March 2021, Deputy Drum performed a follow-up search at the mobile home. Defendant was present at the residence when the deputy arrived and consented to the search.

Defendant was charged, as a prior and persistent offender, by a second amended information with two counts occurring on June 17, 2020: (1) "the class C felony of attempt to manufacture a controlled substance," when Defendant "attempted to produce" more than 35 grams of "marijuana, a controlled substance, by growing it"; and (2) the class D felony of possession of methamphetamine.

A jury trial in the matter was held in February 2022. The jury found Defendant: (1) guilty of the class E felony of attempt to manufacture *less* than 35 grams of marijuana; and

---

[2] Black cloth was also found in the master bedroom of the mobile home, on top of a cabinet with some fingernail polish and bug spray.

(2) not guilty of possession of methamphetamine. The trial court sentenced Defendant as a prior and persistent offender to ten years' imprisonment.[3] This appeal followed.

*Standard of Review*

On appeal, sufficiency of the evidence is reviewed on the merits, regardless of whether that issue was raised at trial. ***State v. Claycomb***, 470 S.W.3d 358, 361-62 (Mo. banc 2015). As noted above, an appellate court considers all evidence in the light most favorable to the verdict, and grants the State all reasonable inferences. ***State v. Lammers***, 479 S.W.3d 624, 632 (Mo. banc 2016). "Appellate review of sufficiency of the evidence is limited to whether the State has introduced sufficient evidence from which a reasonable juror could have found each element of the crime beyond a reasonable doubt." ***State v. Hunt***, 451 S.W.3d 251, 257 (Mo. banc 2014); *see **Lammers***, 479 S.W.3d at 632. This Court must ensure, however, that the jury did *not* decide the facts "based on sheer speculation." ***State v. Grim***, 854 S.W.2d 403, 414 (Mo. banc 1993). While inferences are to be taken in the light most favorable to the verdict, neither the jury nor this Court may "supply missing evidence, or give the [State] the benefit of unreasonable, speculative or forced inferences." ***State v. Whalen***, 49 S.W.3d 181, 184 (Mo. banc 2001) (brackets in original; citation omitted).

*Discussion and Decision*

"A person commits the offense of manufacture of a controlled substance" if he or she, *inter alia*, "[a]ttempts to manufacture, produce, or grow a controlled substance[.]" § 579.055.1(2). To convict a defendant of attempt to manufacture marijuana, the State must prove two elements, that the defendant: (1) had the purpose of committing the underlying offense (manufacturing marijuana); and (2) performed an act which constitutes a substantial

---

[3] The court also retained jurisdiction over Defendant and first ordered that he attend 120-day institutional treatment.

step toward the commission of that offense. ***State v. West***, 21 S.W.3d 59, 64 (Mo. App. 2000); *see* ***State v. Withrow***, 8 S.W.3d 75, 78 (Mo. banc 1999).[4] The term "manufacture" includes the production of a controlled substance. § 195.010(27).[5] "Production" includes the "planting, cultivation, growing, or harvesting" of a controlled substance. § 195.010(40); *see* § 195.010(6) (defining "controlled substance" as listed in chapter 195). Marijuana is listed as a controlled substance. § 195.017.2(4)(w).

Defendant's first point contends there was insufficient evidence that he attempted to manufacture marijuana because the State did not show that he had anything to do with growing the marijuana plants. We agree.

The same standards of actual or constructive possession used in possession cases are also used in manufacturing cases. ***State v. Tilley***, 104 S.W.3d 814, 821 (Mo. App. 2003); *see* ***Withrow***, 8 S.W.3d at 80; *see also* ***State v. Clark***, 490 S.W.3d 704, 709 (Mo. banc 2016). Thus, if actual possession of the drug components and production apparatus is not present in a manufacturing case, constructive possession thereof will satisfy the State's burden if other facts exist that buttress an inference of a defendant's knowledge and control of the manufacturing process. ***Tilley***, 104 S.W.3d at 821; *see* ***Withrow***, 8 S.W.3d at 80. In ***Withrow***, our Supreme Court explained:

> Constructive possession requires, at a minimum, evidence that the defendant had access to and control over the premises where the materials were found. Exclusive possession of the premises containing the [controlled substances] raises an inference of possession and control. When the accused shares control over the premises, as here, further evidence is needed to connect him to the manufacturing process. The mere fact that a defendant is present on the premises where the manufacturing process is occurring does not by itself make a submissible case. Moreover, proximity to the contraband alone fails to prove ownership.

---

[4] ***Withrow*** was modified on other grounds by ***Claycomb***, 470 S.W.3d at 361-62.

[5] All references to § 195.010 and § 195.017 are to RSMo Cum. Supp. (2019).

*Withrow*, 8 S.W.3d at 80 (internal citations omitted); *see Tilley*, 104 S.W.3d at 821. "There must be some incriminating evidence implying that the defendant knew of the presence of the manufacturing process, and that the materials or manufacturing process were under his control." *Withrow*, 8 S.W.3d at 80; *Tilley*, 104 S.W.3d at 821.

*State v. Nichols*, 20 S.W.3d 594 (Mo. App. 2000), a case with facts similar to those presented here, provides guidance on this point. In *Nichols*, the defendant was found guilty of possession of a controlled substance where police executed a search warrant on a house based upon suspicion of methamphetamine production, and the defendant was not present at the time of the search. *Id*. at 595. Pursuant to the search, police found: (1) evidence of methamphetamine production; (2) actual methamphetamine; (3) a photograph of the defendant on the wall; (4) the defendant's marriage certificate; (4) mail and other paperwork addressed to the defendant; (5) a pill bottle labeled with the defendant's name that contained white powder and marijuana seeds; (6) a toolbox belonging to the defendant; and (7) the defendant's truck. *Id*. at 595-96. The State offered additional evidence that the defendant at one time lived at the home, as well as evidence that the defendant had been present at the house at various other times. *Id*. at 597. In reversing, this Court held:

> Although there is some indication that [the defendant] may have, at one time, resided in the house, it was not established that he was living there at the time of the prohibited activity. It was not even shown that he was ever there when the prohibited activity occurred.

*Id*. at 597. Thus, with far more evidence connecting the defendant to the home than any evidence presented in this case, this Court reversed Nichols' conviction for insufficient evidence of possession. *Id*. at 597-98. The Court noted that to hold otherwise would be improperly "building inference upon inference." *Id*. at 597; *see State v. Woodworth*, 941 S.W.2d 679, 689 (Mo. App. 1997) (an additional inference may not be drawn solely from a

fact based only upon inference "to guard against attenuated reasoning based on evidence too remote or uncertain or lacking in probative force"); *see also* **State v. Perkins**, 996 S.W.2d 753, 758 (Mo. App. 1999) (rule requiring additional incriminating evidence for constructive possession "shows judicial wariness that guilt on circumstantial evidence be imputed only on substantial proof").

For similar reasons, we reach the same conclusion here. The State failed to prove additional incriminating circumstances to support a reasonable inference that Defendant knew about the marijuana plants and took active steps in promoting their growth. The only evidence linking Defendant to the mobile home where the marijuana plants were found was the following: (1) his name on the mailbox; (2) male clothing in the master bedroom; (3) Defendant listed the mobile home as his address three months after the search; (4) Defendant was at the mobile home and consented to a search ten months after the initial search. The State argues this evidence was sufficient to show that Defendant was residing at the mobile home when the search was conducted, but we disagree. Defendant was not at the mobile home at the time of the initial search. The deputies found mail and prescription bottles labeled with Ritter's name, but they found nothing inside the home with Defendant's name on it. Like **Nichols**, while there was some indication that Defendant may have, at one or more times, resided in the home, "it was not established that he was living there at the time of the prohibited activity." **Nichols**, 20 S.W.3d at 597; *see also* **State v. Smith**, 33 S.W.3d 648, 653-55 (Mo. App. 2000) (Smith not at the home at time of the search; evidence insufficient to prove his knowledge and control over controlled substance or its manufacture).

Moreover, there was simply no evidence that Defendant had any connection to the marijuana plants growing in the yard. *See, e.g.*, **Smith**, 33 S.W.3d at 655 ("[n]o one saw

7

Smith with any of the substances or constituent elements" and there was no evidence "if any were in a space that he uniquely controlled"). The State argues that "[a]s Defendant was residing at the mobile home when the search was conducted, the jury could also reasonably infer that Defendant cultivated the marijuana plants." Again, we disagree. To first draw an inference that Defendant was living at the mobile home at the time of the search, and from that inference, draw an additional inference that it was Defendant who was growing the marijuana plants is simply too tenuous, improperly "building inference upon inference." *Nichols*, 20 S.W.3d at 597; *see* *Whalen*, 49 S.W.3d at 184 (this Court may not supply missing evidence or give the State the benefit of unreasonable, speculative or forced inferences).

Based on the foregoing, we conclude that the State failed to adduce sufficient evidence from which the jury could reasonably have found Defendant guilty of attempt to manufacture marijuana. *West*, 21 S.W.3d at 65; *see* *Withrow*, 8 S.W.3d at 80-81. Point 1 is granted. The judgment of conviction is reversed. The case is remanded with instructions for the trial court to enter a judgment: (1) discharging Defendant on this offense; and (2) showing his acquittal on the possession charge. *See* *Clark*, 490 S.W.3d at 706; *State v. Williams*, 469 S.W.3d 6, 7 (Mo. App. 2015); Rule 29.07(c) (if a defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly).

JEFFREY W. BATES, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCUR

BECKY J. W. BORTHWICK, J. – CONCUR

8