GLOWACKI, Plaintiff, v. SACKS, Warden, Respondent.

Ohio Appeals, Tenth District, Franklin County.

No. 6395. Decided April 5, 1960.

Mr. John Glowacki, for himself.

Mr. Mark McElroy, attorney general, and Mr. Aubrey Wendt, assistant attorney general, for respondent.

250

WISEMAN, P. J. The plaintiff invokes the original jurisdiction of this Court by filing a petition for a writ of habeas corpus. The plaintiff is confined in the Ohio Penitentiary, to which he was sentenced for life after pleading guilty to an indictment for "purposely and while in the perpetration of a robbery killing Mathias Schaser."

The plaintiff rests his claim for the issuance of the writ on four grounds: (1) No legal charge in the indictment; (2) Plaintiff was never served with a bill of particulars; (3) Because he was forced to enter a plea of guilty under duress, false promises and threats; (4) That he was not tried by a three judge court after entering a plea of guilty to the general charge of homicide.

We have carefully examined the indictment and find that the crime of murder in the first degree, committed while in the perpetration of a robbery, was properly charged under Section 12400, General Code, now Section 2901.01, Revised Code.

No bill of particulars setting up specifically the nature of the offense charged was requested by the plaintiff as provided in the last paragraph in Section 13437-6, General Code, now Section 2941.07, Revised Code.

The evidence on the question of duress, false promises and threats is wholly insufficient; further consideration or comment is not justified.

The record shows that the plaintiff and two other defendants who were jointly indicted retracted their pleas of not guilty and entered pleas of "guilty to a general charge of homicide." Thereupon the court, which consisted of one judge, examined the witnesses and adjudged the plaintiff "guilty of murder in the first degree," and recommended mercy. The statute at that time (Section 13442-5, General Code), did not require a three judge court to sit in judgment. The judgment and sentence was entered February 21, 1933. The amendment to this section

which provided for a three judge court did not become effective until October 19, 1933. See Amended Substitute Senate Bill No. 90, 115 Ohio Laws, pages 530, 531. We conclude that the plaintiff herein was properly charged and sentenced according to law.

Writ denied.

CRAWFORD and KERNS, J. J., concur.