STATE of Missouri, Respondent,

v.

William Earl FORSYTHE, Appellant.

No. 51902.

Supreme Court of Missouri,
Division No. 1.

Oct. 10, 1966.

William Earl Forsythe, pro se.

Norman H. Anderson, Atty. Gen., Jefferson City, Robert K. Ball, II, Special Asst. Atty. Gen., St. Joseph, for respondent.

HOLMAN, Presiding Judge.

Defendant was found guilty of the offense of drawing and delivering an "insufficient funds" check in the amount of $400 in violation of § 561.460, as amended, Laws 1963, p. 684, V.A.M.S. His punishment was fixed by the jury at imprisonment in the county jail for 60 days and a fine of $500. Defendant has appealed from the ensuing judgment. The statute provides that if the check involved is in the amount of $100 or more the offense is a felony, and hence this court has jurisdiction of the appeal.

In the development of a subdivision defendant engaged the Trogden Construction Company to grade certain streets. In September 1963 defendant owed the company about $2,800. At that time Mr. Trogden advised defendant that he intended to file a mechanic's lien unless the debt was paid. Defendant proposed to pay the debt in installments of $400 per month if Trogden would not file the lien. That was agreed to by Trogden and defendant paid the installments for October, November, and December. On January 6, 1964, defendant gave Trogden the check in question which was never paid although twice presented to the bank. Defendant's account in the bank was overdrawn to the extent of $44.87 on the date the check was given. An official of the bank testified that the check was dishonored because of insufficient funds.

Defendant has not filed a brief in this court. At the outset of our consideration of this appeal we have examined the record as required by S.Ct.Rule 28.02, V.A. M.R., and have concluded that the information is fatally defective.

Section 561.460, supra, provides, in part, that "[a]ny person who, to procure any article or thing of value or for the payment of any past due debt or other obligation of whatsoever form or nature or who, for any other purpose, shall make or draw or utter or deliver, with intent to defraud, any check, draft or order, for the payment of money, upon any bank or other depositary, knowing at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in or credit with such bank or other depositary for the payment of such check * * *." The information charges that defendant made and delivered the check in question, "knowing at the time that he the said William Earl Forsythe did not have sufficient funds in said bank to pay said check upon its presentation at said bank * * *." Such does not follow the wording of the statute which proscribes the giving of a check, knowing at the time that the maker does not have sufficient funds in *or credit with* such bank for the payment of such check.

There are two essential elements relating to the maker's knowledge, i. e., (1) insufficient funds in, or (2) credit with such bank. Only one of those essential elements was alleged in the instant information. Where the information fails to contain an essential averment in the description of the offense it must be held bad even after verdict. State v. Biven, Mo.Sup., 151 S.W.2d 1114. As indicated, we hold that the information is fatally defective.

The judgment is reversed and the cause remanded.

All concur.