**STATE of Missouri, Respondent,**

v.

**Felix BROOKS, Appellant.**

No. 57859.

Supreme Court of Missouri, Division No. 2.

Feb. 11, 1974.

Motion for Rehearing or to Transfer to Court En Banc Denied April 8, 1974.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Hill & McMullin, Kansas City, for appellant.

STOCKARD, Commissioner.

The defendant was found guilty by a jury of murder in the first degree. The notice of appeal was filed prior to April 9, 1973.

The only point in appellant's brief challenges the sufficiency of the information which, in its material parts, is as follows:

"Now comes J. Martin Kerr, Assistant Prosecuting Attorney * * * and upon his oath informs the court, that Felix Brooks * * * did then and there either alone or knowingly acting in concert with another, unlawfully, wilfully, feloniously, premeditatedly, deliberately and of his malice aforethought, make an assault in and upon one Robert Kennedy, with a dangerous and deadly weapon, to-wit: a shotgun loaded with gunpowder and pellets, then and there inflicting upon said Robert Kennedy, within one year thereafter, to-wit: on the 8th day of May, 1971, in the county of Jackson and State of Missouri, died;".

■ The indictment by a grand jury, or an information, is the method by which a criminal proceeding is instituted. Rule 24.01 V.A.M.R. provides that it "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." It is jurisdictional in the sense that if it fails to charge a crime the court acquires no jurisdiction to proceed, and whatever transpires thereafter is a nullity. Montgomery v. State, 454 S.W. 2d 571 (Mo.1970); State v. Hasler, 449 S. W.2d 881 (Mo.App.1969). It is necessary to allege in an information or indictment all the elements of the crime intended to be charged, State v. Colbart, 411 S.W.2d 92 (Mo.1967), if such elements are missing they cannot be supplied by intendment or implication. State v. Cantrell, 403 S.W.2d 647 (Mo.1966). Also, where the information or indictment fails to contain an essential averment in the description of the offense it must be held bad even after verdict. State v. Forsythe, 406 S.W.2d 633 (Mo.1966).

■ In State v. Birks, 199 Mo. 263, 97 S.W. 578 (1906), an information was held deficient after verdict because it failed to charge that a murder victim "was given a mortal wound by reason of the alleged assault upon him with the gun." In addition to other deficiencies, the information in this case did not allege that the defendant inflicted a wound on Robert Kennedy from which he died, and therefore is insufficient to support a verdict of guilty of murder in the first degree.

The judgment is reversed and the cause remanded.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.