**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Terry Allen JOHNSTON,
Defendant-Appellant.**

**No. 12391.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 28, 1982.

John Ashcroft, Atty. Gen., Jay A. Daugherty, Kristie Green, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant guilty of attempt, (§ 564.011),[1] to commit burglary in the first degree, (§ 569.160), the latter being a class B felony, and he was sentenced, as a persistent offender, (§ 558.016), to a term of eight years. Defendant appeals.

■ Defendant's first point is that the information was defective. The information, exclusive of its formal parts and the persistent offender allegations, is set forth below.[2] Defendant argues that the information is defective because it fails to allege that Sherry Ellen Payne was "present" in the "inhabitable structure" and because it fails to allege that Sherry Ellen Payne was "not a participant in the crime." Defendant bases his attack on § 569.160 which defines burglary in the first degree, and specifically paragraph (3) of that statute. which reads: "(3) There is present in the structure another person who is not a participant in the crime." Defendant argues that the allegation that the structure was "occupied" by Sherry Ellen Payne is not equivalent to the allegation that she was present in it.

These objections to the information are groundless. Defendant was not charged with burglary in the first degree. He was charged with an attempt to commit burglary in the first degree. The information is at least "substantially consistent," Rule 23.-01(e), with MACH–CR 18.02, and thus it complies with Rule 23.01(b), dealing with

Michael Baker, Springfield, for defendant-appellant.

1. All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. "The Prosecuting Attorney of the County of Greene, State of Missouri, charges that the defendant, in violation of Section 564.011, RSMo, committed the class C felony of an attempt to commit the offense of burglary in the first degree, punishable upon conviction under Section 558.011, RSMo, in that on or about the 19th day of January, 1981, in the County of Greene, State of Missouri, the defendant Terry A. Johnston pried with a screwdriver on the rear door of an inhabitable structure located at 3037 West Weaver Road, Springfield, Missouri, occupied by Sherry Ellen Payne, and such conduct was a substantial step toward the commission of the crime of burglary in the first degree of such inhabitable structure and was done for the purpose of committing such burglary."

515

contents of an information. Moreover Rule 23.11 provides that "no information shall be invalid ... because of any defect therein which does not prejudice the substantial rights of the defendant." The fact is that Sherry Ellen Payne was in the building and she was not a participant in the crime. Defendant's first point has no merit.

Defendant's second point challenges the sufficiency of the evidence to support the verdict. The verdict was fully supported by the evidence. Defendant, in support of his second point, seeks to argue that his evidence of alibi was more worthy of belief than the evidence of the state. "[T]he weight of the evidence is not a matter reviewable by an appellate court." *State v. Talbert,* 454 S.W.2d 1, 4[6] (Mo. 1970); see also *State v. Greathouse,* 627 S.W.2d 592, 596[5] (Mo.1982). Defendant's second point has no merit.

Defendant's third point is that the trial court erred in giving Instruction 6. The criticism leveled against the instruction was not made at the trial nor set forth in the motion for new trial. Accordingly the criticism has not been preserved for appellate review, Rule 29.11(d). This court has honored defendant's request to review the criticism as "plain error," Rule 29.12(b). This court has reviewed the instruction in light of the criticism and no error, plain or otherwise, appears. Defendant's third point has no merit.

Defendant's fourth point is that the trial court erred in giving Instruction 8, MAI–CR 2d 2.60, in that the jury was misled by the instruction. Defendant argues that the instruction told the jury, in effect, that the sentence of the court, if for a term of imprisonment, was "not to exceed the term declared and assessed by the jury in its verdict." The verdict of the jury, in addition to a finding of guilt of the offense charged, assessed the punishment at "not less than one year in county jail." The same criticism of MAI–CR 2d 2.60 has been reviewed and rejected in *State v. Shepherd,* 633 S.W.2d 206, 210[5–7] (Mo.App.1982).

For the reasons there stated, defendant's fourth point has no merit.

The judgment is affirmed.

GREENE, C.J., and TITUS and PREWITT, JJ., concur.