**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John REESE, Defendant-Appellant.**

**No. 13578.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 20, 1985.

Motion for Rehearing and Transfer to Supreme Court Denied March 11, 1985.

Application to Transfer Denied
April 30, 1985.

John Ashcroft, Atty. Gen., John J. Oldenburg, Jr., Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William H. Wendt, Scott Tinsley, Springfield, for defendant-appellant.

MAUS, Judge.

The defendant was convicted of the first degree felony murder of his estranged wife on November 14, 1982. § 565.003, RSMo 1978 (now repealed). In accordance with the verdict, he was sentenced to life imprisonment.

■ The essential part of the amended information under which the defendant was convicted alleged as follows: "[T]he Defendant, John Reese, in violation of Section 565.003, committed the felony of First Degree Murder, punishable upon conviction under Section 565.008.2, RSMo., in that the Defendant caused the death of Teresa A. Reese by Shooting her, and that the Defendant did so in committing a Burglary at the Teresa A. Reese trailer house, ...."

By his sole point on appeal, the defendant attacks the sufficiency of that amended information. That point charges the amended information "failed to allege any of the elements of the crime of burglary out of which the homicide allegedly arose, and was therefore fatally defective in failing to: (1) allege essential elements of the crime charged; (2) apprise the court and defendant of the facts constituting the offense for which defendant was charged; and (3) protect defendant's constitutional guarantee against double jeopardy."

The Sixth Amendment mandates that an accused "shall enjoy the right ... to be informed of the nature and cause of the accusation...." The same mandate is found in § 18(a) of Article I of the Constitution of Missouri, 1945. Rule 23.01(b)(2) provides the indictment or information shall "[s]tate plainly, concisely, and definitely the essential facts constituting the offense charged." Measured by these standards, "[t]he test of the sufficiency of an indictment is whether it contains all the essential elements of the offense as set out in the statute and clearly apprises defendant of the facts constituting the offense in order to enable him to meet the charge and to bar further prosecution." *State v. Strickland,* 609 S.W.2d 392, 395 (Mo. banc 1980). The purpose of a conforming indictment or information "is two fold: to inform

the accused of charges against him so that he may prepare an adequate defense; and to preclude retrial on the same charges should a jury acquit him." *State v. Holland,* 653 S.W.2d 670, 674 (Mo. banc 1983), cert. denied, ─── U.S. ───, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983).

In support of his attack upon the sufficiency of the amended information, the defendant relies upon pattern charge MACH–CR 16.06(b) and *State v. Sykes,* 436 S.W.2d 32 (Mo.1969). MACH–CR 16.06(b), Murder: First Degree in Burglary, does call for an indictment or an information to set forth the elements of burglary. The amended information in this case obviously does not conform to that standard. The record contains no explanation why MACH–CR 16.06(b) was not followed.

 The pattern charges of MACH–CR are a source of valuable guidance. The approval of a charge does not foreclose "any legal, constitutional, procedural, pleading, evidentiary, instructional or other issue which may arise in cases pleaded, tried or appealable under any laws covered by the MACH–CR forms." MACH–CR 1.00.2 p. 1–4. Nevertheless, an indictment or information which is substantially consistent with the form of a pattern charge of MACH–CR approved by the Supreme Court shall be deemed to comply with the requirements of Rule 23.01(b). Rule 23.01(e).

 However, "the MACH–CR forms are not mandated for usage in the same sense that the MAI–CR forms of pattern criminal instructions are required." MACH–CR 1.00.2 p. 1–3. An indictment or information that does not follow an appropriate MACH–CR charge can nonetheless meet the standard set by the constitutions and rule. Error is not established nor presumed because the amended information did not follow MACH–CR 16.06(b). *State v. Mitchell,* 611 S.W.2d 223 (Mo. banc 1981).

In *State v. Sykes,* supra, the defendant was convicted of first degree felony murder committed in the perpetration of a robbery. The information in general terms

charged that the defendant did unlawfully, willfully, premeditatedly, feloniously and with malice aforethought, while committing robbery, kill the decedent. Under the statute then in force, § 559.010, RSMo 1959 (now repealed), it was established that under an information charging a premeditated homicide in common form, with no reference to any felony, the guilt of the defendant could be submitted as a first degree felony murder based upon one of the felonies enumerated in that statute. *State v. Stancliff,* 467 S.W.2d 26 (Mo.1971). Under that doctrine, the information in *State v. Sykes,* supra, was found sufficient to sustain the conviction. However, it was observed the felony of robbery was inadequately pleaded. In commenting upon that deficiency, the court quoted from a New Jersey case. "No reason is perceived why, if it be necessary to show a rape as one of the constituents of the offense of murder in the first degree, such crime should not be pleaded with the same formality as is requisite when it forms the sole basis of a count in an indictment." *Titus v. State,* 49 N.J.L. 36, 7 A. 621, 622 (1886). It is upon this proposition the defendant principally relies.

That proposition is not generally accepted. Its status has been recognized in a legal encyclopedia.

> In such case, although there is some authority to the effect that the constituent felony must be averred with the same formality which would be requisite were it the sole basis of a count in an indictment, [citing in a footnote Titus v. State, supra] as a general rule it is sufficient to allege that the killing was committed in the perpetration of or attempt to perpetrate a designated felony or felonies, or in the escape or withdrawal therefrom, without setting out in detail the facts constituting the alleged felony or felonies.

40 C.J.S. Homicide § 148 (1974). Also see 40 Am.Jur.2d Homicide § 218 (1968).

 In one sense, the allegation of its elements is a definition of the offense charged. In many instances, a full and

precise definition of the offense could require a detailed allegation of the specific meaning ascribed to each statutory definitional term that can bear one or more alternative meanings. Ready examples are "forcible compulsion" (see MACH–CR 20.-02) and "deviate sexual intercourse" (see MACH–CR 20.10). The same requirement would extend to such terms as "consent." See MACH–CR 19.20; *State v. Mayhue*, 653 S.W.2d 227 (Mo.App.1983). But, there must be limits upon the details of definition required in an indictment or information. An indictment or an information is to be differentiated from an instruction. If a defendant has serious question concerning the details of the state's case, he has the remedy of a bill of particulars. Rule 23.04; *State v. Davis*, 624 S.W.2d 72 (Mo.App. 1981).

The last cited quotation is an expression of such a limitation upon definition. In a specific application of that limitation it has been declared:

> And while it is true, as defendants argue, that the particular elements of the burglary were not set forth, the indictment did, nevertheless, cite the section of the Criminal Code which describes and provides punishment for the crime of burglary. The particular elements which constituted the burglary in this case were unnecessary in the indictment since the defendants were not being prosecuted for burglary. The only offense charged was murder. The allusion to the burglary was necessary to allege that the murder was one committed during the course of a felony.

*People v. Jeffrey*, 94 Ill.App.3d 455, 49 Ill.Dec. 860, 418 N.E.2d 880, 888 (1981). A corollary of that limitation has been expressed in regard to a charge of a conspiracy. "[I]n an indictment or information for conspiracy to commit an offense, conspiracy is the gist of the offense and it is not essential to allege all elements of the substantive offense which is the object of the conspiracy with the same detail that they would be alleged in an indictment or information for that substantive offense."

*State v. Fetty*, 654 S.W.2d 150, 154 (Mo. App.1983).

Such a limitation upon the allegations necessary to plead a subject or inchoate offense has been consistently followed in this state. It has been applied in considering the sufficiency of a charge of attempt, *State v. Johnson*, 640 S.W.2d 513 (Mo.App. 1982); of conspiracy, *State v. Fetty, supra;* of assault, *State v. Chandler*, 635 S.W.2d 338 (Mo. banc 1982); and burglary, *State v. Faber*, 499 S.W.2d 790 (Mo.1973). Upon observing that the information tracked the statute and without expressed consideration of the point at issue, a charge that a felony murder was committed during the perpetration of a robbery has been held sufficient. *Blackmon v. State*, 639 S.W.2d 127 (Mo.App.1982). Also see *State v. O'Toole*, 619 S.W.2d 804 (Mo.App.1981). Such a limitation has been generally followed in determining the sufficiency of a charge of felony murder in other jurisdictions. *People v. Jeffrey*, supra; *Glowacki v. Sacks*, 176 N.E.2d 844 (Ohio App.1960); *Taylor v. State*, 133 Tex.Crim.App. 561, 106 S.W.2d 681 (1937); *Smith v. State*, 540 S.W.2d 693 (Tex.Crim.App.1976), cert. denied, 430 U.S. 922, 97 S.Ct. 1341, 51 L.Ed.2d 601 (1977); *State v. Bird*, 31 Wash.2d 777, 198 P.2d 978 (banc 1948), cert. denied, 336 U.S. 954, 69 S.Ct. 876, 93 L.Ed. 1109 (1949).

The limitation has been encompassed by inference in the approval of felony murder convictions under a charge of capital murder. *State v. Goddard*, 649 S.W.2d 882 (Mo. banc 1983); *State v. Holland*, supra. A general allegation, similar to the one in question, is found in the current approved charge for felony murder, MACH–CR 13.-06. The same is true of MACH–CR 18.02, Attempts; MACH–CR 18.04, Conspiracy to Commit an Offense; MACH–CR 23.50, Burglary in the First Degree; and MACH–CR 23.52, Robbery in the Second Degree.

The gist of the offense was murder. The amended information gave the defendant fair notice of the crime of which he was convicted. *State v. Goddard*, supra. The judgment is affirmed.

PREWITT, C.J., and CROW, J., concur.

HOGAN, P.J., concurs in the result.