**STATE of Missouri, Plaintiff-Respondent,**

v.

**Anthony C. STARK, Defendant-Appellant.**

**No. 14605.**

Missouri Court of Appeals, Southern District, Division One.

April 20, 1987.

William L. Webster, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David J. Kueter, Steelville, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Anthony C. Stark, was jury-convicted of the class B felony of rape, § 566.030.3,[1] and the class B felony of sodomy, § 566.060.3. After a finding by the trial court that Stark was a persistent offender, because of several prior felony convictions, Stark was sentenced to eight years' imprisonment on the rape charge, and seven years' for the sodomy conviction, with the sentences to run consecutively. This appeal followed. We affirm.

The sufficiency of the evidence to sustain the convictions is not questioned on appeal. It suffices to say that evidence was introduced at trial from which the jury could find, beyond a reasonable doubt, that during the night of June 2, 1984, Stark, a 27 year-old man, unlawfully entered a neighbor's home by climbing through a window, and sodomized and raped the neighbor's 12 year-old daughter, who was asleep in one of the bedrooms.

Count I of the information charging Stark with the crimes recited that on June 2, 1984, Stark committed the class B felony of rape by having sexual intercourse with L.A.S., to whom Stark was not married and who was then less than fourteen years old. Count II recited that Stark committed the class B felony of sodomy by having deviate sexual intercourse with L.A.S. on June 2, 1984, that the girl was less than fourteen years old and was not married to Stark.

■ In his first two points relied on in his appeal brief, Stark contends that the information is fatally defective because the words "sexual intercourse" and "deviate sexual intercourse" are generic and not specific, and that in such cases, due process demands that the facts constituting the offenses be stated with particularity. He contends that because the information in question does not do so, it is insufficient, as a matter of law, and, therefore, the convictions must be reversed. There is no merit in Stark's contentions.

Section 566.030.3 defines rape as "[a] person commits the crime of rape if he has sexual intercourse with another person to whom he is not married who is less than fourteen years old."

MACH–CR 20.02 is the form approved by the Supreme Court that is to be used in indictments and informations charging rape. The recitations of the form that are to be used when the rape victim is not married to the accused, and is less than fourteen years of age state, "defendant had sexual intercourse with [*name of victim*], to whom defendant was not married, and who was then less than fourteen years old."

Section 566.060.3 defines sodomy as "[a] person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old."

MACH–CR 20.08 is the approved form for indictments or informations charging sodomy. The form prescribes that in factual situations such as this the indictment or

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., as amended, and all references to rules are to Missouri Rules of Court, V.A.M.R.

information should read, "defendant had deviate sexual intercourse with [*name of victim*], to whom defendant was not married, and who was less than fourteen years old."

Rule 23.01(b)2 states that an indictment or information shall state plainly, concisely, and definitely the essential facts constituting the offense charged. Rule 23.01(e) states that all indictments or informations that are substantially consistent with the forms of indictments or informations that have been approved by the Supreme Court shall be deemed to comply with the requirements of Rule 23.01(b).

Since the information here uses the statutory language defining the crimes of rape and sodomy, and is substantially consistent with the language of the forms for indictment or informations charging rape and sodomy that have been approved by the Supreme Court, the information is not insufficient as a matter of law. *State v. Reese*, 687 S.W.2d 635, 637 (Mo.App.1985).

In addition, if Stark was really confused because of lack of specificity of the charge, he could have, at any stage of the proceedings, requested a bill of particulars, as is authorized by Rule 23.04. By failing to do so, he waived any right to raise the issue on appeal. *State v. Neal*, 661 S.W.2d 844, 845 (Mo.App.1983). Points one and two are denied.

The remaining four points relied on raised in Stark's brief claim error in (1) admission into evidence of the sheet on the bed where the child was raped and sodomized which, through laboratory analysis, revealed semen and blood, (2 and 3) improper comments by the prosecutor and trial judge in the presence of the jury, and (4) refusal by the trial court to grant a new trial for the reasons expressed in an untimely second motion for new trial. These points were not preserved for appellate review because of failure to object at trial to matters now complained of and/or to raise the issues in his first motion for new trial.

Ex gratia plain error review, as authorized in Rule 30.20, is not justified as the record conclusively establishes that no ruling or action of the trial court, at any stage of the proceedings, created error, plain or otherwise, which caused manifest injustice or resulted in a miscarriage of justice.

Judgment affirmed.

CROW, C.J., and FLANIGAN, J., concur.