Charles McKINZIE, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

**No. 16133.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 30, 1990.

William J. Stewart, Bolivar, for movant-appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Charles McKinzie appeals from an order denying, after an evidentiary hearing, his Rule 27.26 [1] motion to set aside a judgment and sentence to life imprisonment for murder in the second degree. The conviction was entered on December 17, 1985, pursuant to a plea of guilty.[2]

■ Movant's first point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because his guilty plea was tainted in that movant "was advised with incorrect information." Specifically, movant asserts that the entry of his plea was induced by statements made by his attorney Ray Gordon, who represented movant at all stages of the proceedings until the entry of the guilty plea, and by statements made to him by Sheriff Lou Keeling.

At the motion hearing movant's testimony was contradicted by Gordon and Keeling. Movant testified that both Gordon and Keeling told him, prior to the entry of the plea, that "in view of my age and health I probably wouldn't do over three to five years." The state called both Gordon and Keeling and each denied making any such statement to movant. Movant con-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26, because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 24.035(*l*).

2. McKinzie made a direct appeal to this court from the judgment and claimed that the trial court lacked jurisdiction in that the information was insufficient to charge murder in the second degree. This court rejected that claim and affirmed the judgment. *State v. McKinzie,* 736 S.W.2d 571 (Mo.App.1987).

ceded that when he entered the plea, "I expected to receive a life sentence."

"Appellate review of the trial court's decision in ruling a Rule 27.26 proceeding is expressly 'limited to a determination of whether the findings, conclusions, and judgment of the trial court are *clearly erroneous.*' ... Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the 'definite and firm impression that a mistake has been made....' " (Citing authorities—emphasis in original.)

*Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

At the guilty plea hearing, attorney Gordon informed the court that a plea bargain agreement had been reached with the prosecutor. The agreement was that the prosecutor would amend the information so as to reduce the offense charged to murder in the second degree, movant would enter a plea of guilty, and the prosecutor would recommend a life sentence. The court accepted the plea bargain agreement and imposed the recommended punishment.

Movant's testimony, which the trial court rejected, was refuted by the transcript of the guilty plea hearing and by the testimony of Gordon and Keeling. The trial court was free to believe or disbelieve movant's testimony, even if it had been undisputed. *Sanders v. State, supra,* 738 S.W.2d at 857.

The findings of the trial court include the following: "Movant's plea of guilty was made voluntarily and intelligently and with full understanding of the charge and consequences of the plea." That finding is not clearly erroneous and, indeed, is fully supported by the record. Movant's first point has no merit.

■ Movant's second point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because he was denied effective assistance of counsel in connection with entry of the plea. Specifically, movant asserts that attorney Gordon was ineffective in "failing to zealously pursue discovery to become fa-

miliar with the case" and in "failing to call character witnesses."

After a guilty plea has been entered, effectiveness of counsel is relevant only if it affects the voluntariness of the plea. *Dover v. State,* 725 S.W.2d 915, 920[3] (Mo. App.1987). "When the failure of trial counsel to investigate pertains to witnesses, the movant must show that the witnesses could have been located through reasonable investigation, they would testify if called, and their testimony would provide a viable defense." *Davis v. State,* 786 S.W.2d 223, 224[2, 3] (Mo.App.1990).

In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), the Court said:

"[T]he two-part *Strickland v. Washington* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson,* [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235], *supra,* and *McMann v. Richardson,* [397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)], *supra.* The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."* (Emphasis added.)

At the motion hearing, movant presented no evidence with regard to any "discovery" which attorney Gordon should have pursued but did not pursue. There was no testimony concerning the identity or availability of any witness, whether a "character" witness or otherwise. There was no evidence of what testimony any uncalled witness would have supplied if he had been called. There was no evidence concerning

what type of "character evidence" was available and untapped.

At the guilty plea hearing, movant testified that he was satisfied with the representation which attorney Gordon had provided him and "there is nothing I wanted my attorney to do that he has not done." At the motion hearing, movant offered no evidence that any failure on the part of attorney Gordon to conduct specific discovery or to interview or produce character witnesses had anything to do with movant's decision to enter his plea.

Assuming, arguendo, that attorney Gordon may have been derelict in pursuing discovery or in locating character witnesses, and there is no evidence of such dereliction, movant failed to adduce any evidence at the motion hearing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, supra, 106 S.Ct. at 370. Movant's second point has no merit.

The judgment is affirmed.

HOGAN, C.J., and MAUS, J., concur.