**STATE of Missouri, Respondent,**

v.

**Jack Z. STEWART, Appellant.**

**No. WD 43839.**

Missouri Court of Appeals,
Western District.

July 2, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1991.

Application to Transfer Denied
Oct. 16, 1991.

L.R. Magee, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

BERREY, Presiding Judge.

The appellant was convicted by a jury of two counts of deviate sexual assault in the first degree, § 566.070, RSMo 1986, and one count of deviate sexual assault in the second degree, § 566.080, RSMo 1986. Appellant was sentenced to a total of fourteen years concurrent.

Unfortunately, we must set forth the facts heard and acted upon by the jury.

The appellant was an adult leader of the Boy Scouts of America. He had served scouting as an assistant scoutmaster, scoutmaster and troop committee member. C.J. was an Eagle Scout and is now an assistant scout master. He was sixteen when the acts complained of took place. C.J. testified that on several occasions in the basement "scout room" located in appellant's home, appellant read erotic stories to him, masturbated him and committed oral sex upon him. Appellant locked the scout room door before engaging in this activity. Appellant also performed oral sex on C.J. during a camp-out in North Dakota.

M.S. joined the scouts when he was eleven. He, too, became an Eagle scout. M.S. testified that appellant read pornographic stories to him and showed him pornographic slides during which time he masturbated M.S. Appellant attempted to perform oral sex but M.S. told him to stop. M.S. testified this happened on only one occasion. M.S. underwent psychiatric counseling following this episode.

The police were eventually called in and from the testimony of M.S. and C.J. a search warrant was issued for the residence of appellant. In the basement "scout room" the search turned up pornographic slides and taped pornographic stories.

Appellant alleges three points of error: (1) the trial court erred in not granting judgment for acquittal notwithstanding the verdict or a new trial, because the jury verdict was obviously not based on the evidence since following the trial a juror said, "I think we spoke the verdict the public wanted."; (2) the verdict was a quotient verdict because it found appellant guilty of two charges against one victim and one charge against the other and acquitted him on two charges against one victim, when all the evidence was similar; and (3) the court failed to suppress documentary evidence since the information alleging the charge did not allege that appellant used written material in the charges.

For his Point I the appellant offers no pertinent authority regarding the juror's statement. He does attach a newspaper clipping and apparently relies upon this after trial document as reason for the court to grant his motion for a new trial or his motion for acquittal not withstanding the verdict.

It is well established that we are limited to a review of the trial record. Appending news clips to the brief does not expand the record. *State v. Belcher*, 805 S.W.2d 245 (Mo.App.1991). The appellant alleges that a juror is quoted in the press as saying, "I think we spoke the verdict the public wanted." The appellant offered no evidence regarding this remark or the juror who allegedly uttered it. Another long established legal principle holds quite simply that a juror may not impeach the jury's verdict. *State v. Blaylock*, 705 S.W.2d 30, 35 (Mo.App.1985). Point I is denied.

Appellant's Point II alleges that jury must have used a quotient method of arriving at the verdict because appellant was acquitted on two charges when the evidence supporting all charges was essentially the same. The appellant cites several cases in support of this contention but in fact they relate to the standard of review of lower court findings by an appellate court. The appellant cites three cases in support of this position. The appellant's brief reads as follows:

*State v. White, Mo.App 1990, 782 SW2d 461, 464:*

"[1] An Appellate Court, in post conviction proceedings, limits its review to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Sanders v. State*, 738 SW2d 856, 857 (Mo.banc 1987). These findings, conclusions and judgment are only found to be clearly erroneous when the Appellate Court is left with the definite and firm impression that a mistake has been made. *Meyer v. State*, 770 SW2d 385 (Mo.App.1989). The movant has the burden of proving his assertions by a preponderance of the evidence. Id."

*Parkus v. State, Mo.banc 1989 781 SW2d 545, 548:*

"[5, 6] ... Appellant review of the judgment made by the trial court on the post conviction motion is limited to a determination of whether the findings and conclusions are clearly erroneous. *Day v. State,* [770 S.W.2d 692 (1989)], supra. Such findings and conclusions are clearly erroneous only if, after review of the entire record, the Court is left with the firm and definite impression that a mistake has been made. *Sanders v. State,* 738 SW2d 856, 857 (Mo.banc 1987)."

*Cherry v. State Mo.App.1983 660 SW2d 361, 362:*

"[1] ... Our review is limited to a determination of whether or not the findings, conclusions and judgment of the trial court are clearly erroneous. *More v. State* 624 SW2d 520, 522 (Mo.App. 1981)...."

It is readily apparent to even the casual reader that these cases discuss appellate review of a post-conviction motion not a quotient verdict. To allege a quotient verdict simply because the jury chose to acquit the appellant on two counts is not a matter that we can or should debate. The jury has delivered its verdict. *Jones v. Midwest Pre Cote Co.,* 412 S.W.2d 468, 471 (Mo. 1967), speaks plainly to this matter:

> However, it is the well-established and settled rule in this state that to establish a verdict as a quotient verdict it must be shown that there was a prearranged agreement among the jurors to accept the unknown and unascertained quotient as their verdict, *and the presumption is that there was no such prearrangement among the jurors.* (citations omitted). It is also well settled that if the jurors have not bound themselves beforehand to accept the unascertained quotient as their verdict, but after the quotient is ascertained it is then adopted as their verdict, the fact that they used that method of reaching an agreement will not invalidate their verdict. (citations omitted). (emphasis added).

The appellant has presented no evidence to substantiate Point II and it is ruled against him.

Finally, in Point III appellant alleges trial court error because documentary evidence was offered in evidence that was not mentioned in the information.

Appellant has failed to provide any authority for this position and is in violation of Rule 84.04(d).

■ Nevertheless, we will briefly address the issue ex gratia. The appellant did not file a motion for a bill of particulars and his failure to do so waives his right to later complain about the lack of detail in the information. *State v. Urban,* 798 S.W.2d 507 (Mo.App.1990). Since no motion was made, this court assumes appellant was satisfied with the content of the information. *State v. Henderson,* 750 S.W.2d 507, 515 (Mo.App.1988). By not raising this at the proper time he waives the issue of lack of specificity on appeal. *State v. Stark,* 728 S.W.2d 301 (Mo.App. 1987).

■ Finally, the statute is silent on the use of pornographic material in the commission of deviate sexual behavior. Appellant contends the items are not admissible because the acts charged were physical acts and not documentary. This indeed strains the imagination. The pornographic materials were owned and possessed by the appellant and were articles which he used in furthering the crimes he committed and as such are admissible. *State v. Mills,* 671 S.W.2d 437, 439 (Mo.App.1984). Appellant's Point III is denied.

Judgment affirmed.

All concur.