STATE of Missouri, Plaintiff–Respondent,

v.

John MUSIL, Defendant–Appellant.

No. 20257.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 22, 1996.

Erik A. Bergmanis, Philip J. Morgan, Phillips, McElyea, Walker & Carpenter, P.C., Camdenton, for defendant-appellant.

No appearance, for plaintiff-respondent.

PER CURIAM.

John Musil (defendant) appeals his conviction for the class C misdemeanor of failing to stop a watercraft after having been signaled to do so by a member of the Missouri state water patrol. § 306.132, RSMo Supp.1993. This court affirms.

Initially, this court notes the absence of a brief filed on behalf of the State of Missouri notwithstanding the requirement of § 56.060.1, RSMo 1994, that:

> If any misdemeanor case is taken to the court of appeals by appeal [the prosecuting attorney] shall represent the state in the case in the court and make out and cause to be printed, at the expense of the county, all necessary abstracts of record and briefs, and if necessary appear in the court in person, or shall employ some attorney at his own expense to represent the state in the court, . . . .

The problem this presents was explained in *State v. Bowlin,* 850 S.W.2d 116 (Mo.App. 1993):

> Our review of this case is not aided by the State's failure to file a brief. No penalty is prescribed for failure to file a brief on an appeal of a misdemeanor conviction. *State v. Harrington,* 679 S.W.2d 906, 907 (Mo.App.1984); *State v. Michaels,* 543 S.W.2d 245, 247 (Mo.App.1976). However, this leaves us with nothing presented other than the ... arguments of defendant. It is not the function of the appellate court to serve as advocate for any party to an appeal. When one party fails to file a brief, the court is left with the dilemma of deciding the case (and possibly establishing precedent for future cases) without the benefit of that party's authorities and points of view. Appellate courts should not be asked or expected to assume such a

role. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

*Id.* at 116–17. As uttered in *State v. Harrington,* 679 S.W.2d at 907, "[W]e cannot understand why a prosecutor would neglect his statutory duty to see that the state was adequately represented through the entire criminal proceeding."

A water patrolman observed defendant operating a Kawasaki jet ski on Lake of the Ozarks without registration numbers. The patrolman was about 200 feet from the jet ski when he first noticed it. He overtook the jet ski and pulled alongside. He motioned for defendant to stop. Defendant accelerated and yelled that he was going to his dock. The officer turned on his emergency lights. He explained, "I tried to get him to stop by hollering and telling him, 'Stop. Turn it off.' Also, I had my read [sic] light on at that time. And I was using my hand as a signal to—to have him pull over to me."

Defendant continued toward a dock at a high rate of speed. The officer was within 10 feet of defendant when he was forced to stop his patrol boat to avoid running into a point that protruded into the water. Defendant drove the jet ski between the patrolman and the shore. He continued toward a boat dock where he drove the jet ski onto a carpeted ramp.

The officer pulled to the dock. Defendant was walking toward a walkway that led from the dock to the shore. The officer thought defendant "was going to take off." He arrested defendant.

Defendant was cited for failing to stop when signalled by a water patrolman. He was tried before the court without a jury. The trial court found him guilty.

Defendant presents three allegations of trial court error. Point I is directed to the sufficiency of the information. The document filed as a complaint and information was a water patrol form entitled "Violation Report." Its design is similar to the uniform traffic citation used in automobile cases. It has blanks in which an officer identifies the person cited, the date, the location of the alleged offense, the type of watercraft involved, a description of the offense claimed to have been committed and a citation to the statute alleged to have been violated. It is signed as a complaint by the officer issuing the citation. The same document is signed by a prosecutor as an information.

Defendant contends in Point I that the trial court erred in finding defendant guilty "because no information was filed in this case and the violation report upon which defendant was prosecuted was not adequate to act as an information." He argues that the "violation report" did not suffice as an information because it did not comply with requirements of Rule 23.01. He complains the document failed to state essential facts that would constitute the offense charged "or the mental state of the offense charged" contrary to requirements of Rule 23.01(b)(2); that it did not cite the section of the statute that fixes punishment in violation of Rule 23.01(b)(4); that it did not state the name and degree of the offense charged as required by Rule 23.01(b)(5); that it failed to state defendant's name in a caption contrary to requirements of Rule 23.01(c); and did not have the names of witnesses for the prosecution endorsed as required by Rule 23.01(f).

Defendant relies on *State v. Brooks,* 507 S.W.2d 375 (Mo.1974). He refers to its holding that missing elements of an offense charged "cannot be supplied by intendment or implication." *Id.* at 376. He argues this principle requires that his conviction be reversed.

Defendant's reliance on *Brooks* is misplaced in view of *State v. Parkhurst,* 845 S.W.2d 31 (Mo. banc 1992), and its progeny. *Parkhurst* discusses the root of the rule that elements of a crime will not be supplied by intendment or implication. *Parkhurst* concludes that cases such as *Brooks* that relied solely on the rule without examining an information's language "to determine if it was sufficient to inform the defendant of the offense charged so that he would not be prejudiced by being unable to prepare a defense or unable to raise the defense of double jeopardy" were wrongly decided. 845 S.W.2d at 34.

■ *Parkhurst* further points to requirements of Rule 24.04(b). Rule 24.04(b)(2) requires that "[d]efenses and objections based on defects ... in the ... information other than that it fails to show jurisdiction in the court or to charge an offense" be raised only by motion before trial. Failure to present such defenses or objections amounts to their waiver.

Defendant did not comply with Rule 24.04(b)(2). He did not file a motion before his trial that alleged defects in the information. Unless the claimed defects are of such stature that the information did not, by any reasonable construction, charge the offense of which defendant was convicted or its content was so lacking that it deprived defendant of the ability to prepare a defense or ascertain if double jeopardy would apply, they are of no consequence. 845 S.W.2d at 35.

■ The violation report identifies defendant by name and address. It identifies the watercraft he is alleged to have operated, the location of the event in question by mile marker on the Lake of the Ozarks and by county. It describes defendant's violation as "FAIL TO STOP." That description is followed by additional language in a box with the instruction, "DESCRIBE VIOLATION BELOW." It states, "OPERATOR FAILED TO STOP AT SIGNAL OF WATER PATROLMAN." At the end of the place on the form for describing the violation is another box which has the words printed near its top line, "VIOLATION SECTION NO." The statute reference that has been inserted is "306.132."

Section 306.132, RSMo Supp.1993, as applicable here, states:

1. Any person operating a watercraft on the waters of this state shall stop such watercraft upon a signal of any member of the Missouri state water patrol....

Its subparagraph 3 states that a person violating provisions of that section is guilty of a class C misdemeanor.

■ Further, defendant did not seek a bill of particulars as permitted by Rule 23.04. Failure to file a motion for a bill of particulars constitutes a waiver of the right to later complain about lack of detail in an information. *State v. Stewart,* 815 S.W.2d 9, 11 (Mo.App.1991). "Since no motion was made, this court assumes [defendant] was satisfied with the content of the information. *State v. Henderson,* 750 S.W.2d 507, 515 (Mo.App. 1988). By not raising this at the proper time he waives the issue of lack of specificity on appeal. *State v. Stark,* 728 S.W.2d 301 (Mo. App.1987)." *Id.*

This court holds that the language on the "violation report" was sufficient to constitute an information in a misdemeanor case; that it reasonably advised defendant of the charge against him and permitted him to prepare a defense that had he been acquitted would have been sufficient to permit him to plead former jeopardy. *Parkhurst,* 845 S.W.2d at 35. *See also State v. Lewellyn,* 890 S.W.2d 22 (Mo.App.1994), and *State v. Huff,* 879 S.W.2d 696 (Mo.App.1994). Point I is denied.

■ Point II alleges the trial court erred in denying defendant's motion for judgment of acquittal at the end of the state's opening statement because it "did not tell the fact finder what the facts would be, nor did it advise the defendant of the manner in which the prosecution intended to prove its case."

Although the opening statement in this case was anything but a model of good trial practice, this court fails to perceive how its shortcoming prejudiced defendant. The fact issue for determination was not complex. The state presented only one witness, the water patrolman who arrested defendant. The officer's direct testimony covers only 11 pages of transcript (including dialogue of at least four "objections" made on behalf of defendant—one colloquy covered a full page of debate between the two trial counsel).

■ The deficiencies in the opening statement did not preclude the fact-finder from understanding the facts the state presented nor did it deny defendant an understanding of the state's contemplated course of prosecution. Absent a showing of prejudice to a defendant, a conviction will not be reversed because of a defective opening statement. *State v. Spain,* 759 S.W.2d 871, 874 (Mo.App. 1988). Point II is denied.

Point III contends the evidence was not sufficient to have permitted the trial court to find defendant guilty beyond a reasonable doubt. When a defendant waives a trial by jury, the trial court's findings have the force and effect of a jury verdict. *State v. Smith*, 926 S.W.2d 174, 175 (Mo.App.1996). Thus, when determining the sufficiency of the evidence, this court views the evidence and all reasonable inferences in the light most favorable to the finding of the trial court and disregards all contrary evidence and inferences. *Id.*

Appellate review is limited to determining whether sufficient evidence exists for a reasonable juror to have found defendant guilty beyond a reasonable doubt. *State v. Chamberlin*, 872 S.W.2d 615, 616 (Mo.App.1994). Mindful of the fact-finder's superior ability to judge credibility of witnesses, this court concludes the evidence disclosed by the record on appeal was sufficient from which a reasonable juror, or in this case the trial court, could have found defendant guilty of the offense charged beyond a reasonable doubt. Point III is denied. The judgment of conviction is affirmed.